**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Jury v. Miller,* Slip Opinion No. 2016-Ohio-3044.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3044

JURY, APPELLANT, *v.* MILLER, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Jury v. Miller,* Slip Opinion No. 2016-Ohio-3044.]**

*Habeas corpus—Petitioner had adequate remedy by way of direct appeal to challenge his convictions—Court of appeals' dismissal of petition affirmed.*

(No. 2015-1339—Submitted February 23, 2016—Decided May 19, 2016.)

APPEAL from the Court of Appeals for Belmont County,

No. 15 BE 33, 2015-Ohio-2998.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Seventh District Court of Appeals dismissing the petition for a writ of habeas corpus filed by appellant, Brian Jury. That court correctly concluded that Jury's petition failed to state a claim for which a writ of habeas corpus could issue.

## Facts

**{¶ 2}** Jury is currently serving a 36-year sentence at the Belmont Correctional Institution, having been convicted in 2014 of kidnapping, felonious assault, and two counts of rape in Erie County. The court of appeals affirmed Jury's convictions and sentence on direct appeal. *State v. Jury*, 6th Dist. Erie No. E-14-100, 2016-Ohio-2663.

**{¶ 3}** Jury filed this original action for a writ of habeas corpus in the Seventh District Court of Appeals in May 2015. Jury contends that he was not served with an arrest warrant or initial charging papers prior to his allegedly unlawful arrest and thus, that the Erie County Court of Common Pleas had no jurisdiction to convict and sentence him. In dismissing his petition, the court of appeals ruled that a challenge to the sufficiency or validity of an indictment is not cognizable in habeas corpus. 2015-Ohio-2998, ¶ 4 (7th Dist.), citing *Luna v. Russell*, 70 Ohio St.3d 561, 562, 639 N.E.2d 1168 (1994). It also noted that Jury possesses an adequate remedy at law, "namely: to raise this issue in his pending direct appeal." *Id.*, citing *State ex rel. Jackson v. Allen*, 65 Ohio St.3d 37, 599 N.E.2d 696 (1992).

## Analysis

**{¶ 4}** Habeas corpus is not available to challenge the validity or sufficiency of a charging instrument. *Shroyer v. Banks*, 123 Ohio St.3d 88, 2009-Ohio-4080, 914 N.E.2d 368, ¶ 1. "The manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted." *Orr v. Mack*, 83 Ohio St.3d 429, 430, 700 N.E.2d 590 (1998).

**{¶ 5}** Jury was charged with the criminal offenses of which he was convicted by an indictment issued by the Erie County Grand Jury, and as the court of appeals held, he had an adequate remedy at law by way of direct appeal to challenge his convictions by raising the sufficiency of that indictment.

{¶ 6} We therefore affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Brian Jury, pro se.

Michael DeWine, Attorney General, and Paul Kerridge, Assistant Attorney General, for appellee.

_____