[Cite as *Rock v. Bracy*, 2018-Ohio-2892.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| DAVID ROCK, | : | **PER CURIAM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO.  2018-T-0042** |
| CHARMAINE BRACY, WARDEN, | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*David Rock*, pro se, PID# A663-040, Trumbull Correctional Institution, P.O. Box 901, 5701 Burnett Road, Leavittsburg, OH 44430 (Petitioner).

*Mike DeWine*, Ohio Attorney General, and *Stephanie L. Watson*, Assistant Attorney General, Ohio Attorney General's Office, 150 East Gay Street, 16th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1}     This habeas corpus action is presently before this court for consideration of the Civ.R. 12(B)(6) motion to dismiss filed by respondent, Charmaine Bracy, Warden at the Trumbull Correctional Institution.  Petitioner, David Rock, filed a reply to the motion to dismiss.

{¶2}     In 2015, petitioner pled guilty to one count of operating a vehicle under the influence ("OVI"), a third-degree felony in violation of R.C. 4511.19(A)(1)(a), and an accompanying R.C. 2941.1413 specification.  The trial court entered its judgment of

conviction on March 30, 2015. Petitioner was sentenced to serve a prison term of thirty-six months for the underlying OVI and four years for the repeat-offender specification, to run consecutive to each other and consecutive to the sentence imposed by the Ashland County Court of Common Pleas in case No. 10-CRI-081.

{¶3} Appellant challenged his sentence on appeal from that judgment. We held the trial court failed to make the required findings pursuant to R.C. 2929.14(C)(4) in order to run appellant's sentences for the OVI and specification consecutive to his Ashland County sentence. *State v. Rock,* 11th Dist. Lake No. 2015-L-047, 2015-Ohio-4639.

{¶4} On remand, the trial court declined to make the required findings for imposing consecutive sentences. The trial court ordered appellant's sentence for the OVI and specification be served concurrently with the sentence imposed by the Ashland County Court of Common Pleas. *State v. Rock*, 11th Dist. Lake No. 2016-L-011, 2016-Ohio-8516, ¶4.

{¶5} Petitioner filed his pro se petition for a writ of habeas corpus on May 4, 2018. The petition consists of a list of "injustices" and a "complaint memorandum." As his main ground for relief, petitioner argues, "it is clear that Lake County Court of Common Pleas through its grand jury was without jurisdiction to indict petitioner with an OVI enhancement, and an attached specification charge under §2941.1413, due to the 'ACTUAL NOTICE' provided to the court in 2011[.]" Petitioner maintains his OVI convictions from 1995 and 1997 that were used to enhance his current OVI conviction to a felony were "constitutionally infirm" because he entered uncounseled pleas of "no contest" in those cases without a valid waiver of his right to counsel. He argues, therefore, that the indictment for his current conviction charged him with the "wrong crime" and is invalid. He maintains the trial court was notified in 2011 about the infirm convictions.

2

Appellant further argues he should have been charged with a misdemeanor, and the trial court did not have jurisdiction to sentence him for the incorrect crime.

{¶6} In her Civ.R. 12(B)(6) motion, respondent argues the petition should be dismissed because petitioner had adequate alternative remedies at law to adjudicate his claims and because his prison sentence has yet to expire.

{¶7} "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt.*, *Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶11, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). In construing the complaint, a court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988) (citations omitted). In order for the complaint to be dismissed, it must appear "beyond doubt" from the complaint that the petitioner can prove no set of facts entitling him to the relief sought. *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶12 (citations omitted). The court cannot consider evidence or allegations outside the complaint in ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6). *Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, ¶11 (citation omitted).

{¶8} "A writ of habeas corpus is the proper remedy for a state prisoner to pursue when he believes his present incarceration is not lawful." *State ex rel. Menton v. Sloan*, 11th Dist. Ashtabula No. 2017-A-0021, 2017-Ohio-7661, ¶7, citing *State ex rel. Nelson v. Griffin*, 103 Ohio St.3d 167, 2004-Ohio-4754, ¶5. "A writ of habeas corpus can only be granted if the petitioner can establish one of two circumstances, i.e., (1) that the sentencing court in his underlying criminal proceeding lacked jurisdiction to convict him,

or (2) that he is still being held in prison, although he has already served his entire sentence." *Id.*, citing *State ex rel. Vinson v. Gansheimer*, 11th Dist. Ashtabula No. 2007-A-0042, 2007-Ohio-5205, ¶6. "[H]abeas corpus relief may be granted for nonjurisdictional claims, if the petitioner has no adequate remedy at law." *Thomas v. Collins*, 74 Ohio St.3d 413, 413-414 (1996), citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593 (1993).

{¶9} Petitioner's ground for relief attacks the validity of his indictment. The Ohio Supreme Court has held, however, that habeas corpus is not available to challenge the validity of a charging instrument because arguments relating to the validity or sufficiency of the instrument can be raised on direct appeal or through postconviction relief. *Luna v. Russell*, 70 Ohio St.3d 561, 562 (1994); *Shroyer v. Banks*, 123 Ohio St.3d 88, 2009-Ohio-4080, ¶1 (citation omitted). Here, appellant filed a direct appeal from the judgment of conviction. Further, in his "complaint memorandum," petitioner indicates he has raised the argument relating to his indictment in previous actions, and explains that he "has exhausted all state remedies without a hearing, affirming his conviction on solely procedural grounds." (Emphasis sic.) Because appellant had an adequate remedy at law, he can prove no set of facts entitling him to relief.

{¶10} Respondent's motion to dismiss pursuant to Civ.R. 12(B)(6) is hereby granted. The petition for a writ of habeas corpus is hereby dismissed.


THOMAS. R. WRIGHT, P.J., CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur.

4