**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Smith v. Sheldon,* **Slip Opinion No. 2019-Ohio-1677.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1677

SMITH, APPELLANT, *v.* SHELDON, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Smith v. Sheldon,* **Slip Opinion No. 2019-Ohio-1677.]**

*Habeas corpus—Alleged sentencing errors and challenges to validity of an indictment are not cognizable in habeas corpus—Court of appeals' dismissal of petition affirmed.*

(No. 2018-1195—Submitted February 19, 2019—Decided May 7, 2019.)

APPEAL from the Court of Appeals for Richland County,

No. 18CA47, 2018-Ohio-3233.

_____

**Per Curiam.**

{¶ 1} Appellant, Eddie Lee Smith, an inmate at the Mansfield Correctional Institution, appeals the judgment of the Fifth District Court of Appeals dismissing his petition for a writ of habeas corpus. We affirm.

## Background

{¶ 2} In May 2016, Smith was convicted and sentenced in two criminal cases in the Summit County Court of Common Pleas. In the first case, he pleaded guilty to robbery and having weapons while under disability and was sentenced to a 24-month term of community control, subject to a prison term of 36 months if he violated the terms of his community control. In the second case, Smith pleaded guilty to obstructing justice and was sentenced to a 24-month term of community control, subject to a prison term of 12 months if he violated the terms of his community control.

{¶ 3} In November 2016, the trial court concluded that Smith had violated the terms of his community control and imposed prison sentences totaling 48 months.

{¶ 4} In June 2018, Smith filed a habeas corpus petition in the Fifth District Court of Appeals, naming appellee, Edward Sheldon, warden of the Mansfield Correctional Institution, as the respondent. In August 2018, the court of appeals granted the warden's motion to dismiss Smith's petition, holding that Smith had an adequate remedy at law to raise most of his claims and that another claim was without merit. Smith filed a timely appeal.

## Law and Analysis

### Smith's Petition for Habeas Corpus

{¶ 5} A court may dismiss a habeas action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "if, after all factual allegations are presumed true and all reasonable inferences are made in [the petitioner's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus." *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10. This court reviews a dismissal under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.

**{¶ 6}** In his appeal, Smith urges that the court of appeals' judgment should be reversed for four reasons. First, he contends that his sentences are void because the trial court improperly sentenced him to both prison and community control on each count. But even if that is true, sentencing errors made by a court that had proper jurisdiction are not cognizable in habeas corpus, because a prisoner has an adequate remedy at law by filing a direct appeal or seeking postconviction relief. *Jimison v. Wilson*, 106 Ohio St.3d 342, 2005-Ohio-5143, 835 N.E.2d 34, ¶ 9.

**{¶ 7}** Second, Smith argues that the trial court did not comply with Crim.R. 32(C) and imposed the sentences as a "sentencing package" instead of imposing a separate sentence for each offense. Again, even if the sentencing entry was incorrect, Smith's remedy for a sentencing entry that violates Crim.R. 32(C) is not release from prison; it is to seek a corrected sentencing entry. *See Dunn v. Smith*, 119 Ohio St.3d 364, 2008-Ohio-4565, 894 N.E.2d 312, ¶ 8, 10.

**{¶ 8}** Third, Smith claims that his 12-month sentence for obstruction of justice, a fifth-degree felony, is void because that sentence should have been limited to 90 days under R.C. 2929.15(B)(1)(c)(i). R.C. 2929.15(B)(1)(c)(i) states that a court may impose a 90-day prison term upon an offender who has committed a misdemeanor or a "technical violation" of the conditions of a community-control sanction imposed for a fifth-degree felony. But because a common pleas court has subject-matter jurisdiction over felony cases, R.C. 2931.03, the trial court had jurisdiction to sentence Smith and to determine whether R.C. 2929.15(B)(1)(c)(i) applied. Thus, Smith's claims are not cognizable in habeas corpus. *See State ex rel. O'Neal v. Bunting*, 140 Ohio St.3d 339, 2014-Ohio-4037, 18 N.E.3d 430, ¶ 13.

**{¶ 9}** Fourth, Smith asserts that the indictment in his first case was amended from armed robbery to the lesser included crime of robbery but that he was not informed of the change before he accepted the plea deal. He argues that this failure to inform him of the amended indictment stripped the trial court of jurisdiction and denied him due process. Smith's due-process claims are not cognizable in habeas

corpus because he had an adequate remedy by way of direct appeal or by other means. *See Jackson v. Johnson*, 135 Ohio St.3d 364, 2013-Ohio-999, 986 N.E.2d 989, ¶ 3. Likewise, challenges to the sufficiency or validity of an indictment are not cognizable in habeas corpus, *Jury v. Miller*, 147 Ohio St.3d 49, 2016-Ohio-3044, 59 N.E.3d 1280, ¶ 4, even when the challenge involves an amended indictment, *see State ex rel. Raglin v. Brigano*, 82 Ohio St.3d 410, 696 N.E.2d 585 (1998). Smith had adequate legal remedies available to challenge the validity of the indictment. *Id*.

*Smith's Motion for Summary Judgment*

{¶ 10} In December 2018, Smith filed a motion in this court seeking summary judgment or, alternatively, an injunction or a stay of the trial court's judgments entered in 2016. In his motion, Smith makes two additional arguments: (1) the trial court could not revoke his community control and sentence him to prison without first determining that he had properly waived counsel and (2) the court improperly permitted Smith's "standby counsel" to file motions on his behalf.

{¶ 11} We deny Smith's motion for summary judgment because there is nothing in this court's practice rules or any other court rule that provides for summary judgment in an appeal to this court. *See, e.g.,* S.Ct.Prac.R. 6.02(B). We also deny Smith's motion for an injunction or a stay of the trial court's 2016 decisions, because, while our practice rules permit the filing of a motion to stay "a lower court's decision pending appeal," S.Ct.Prac.R. 4.01(A)(2), he presents no evidence that a direct appeal regarding the 2016 decisions is pending in this court. Finally, to the extent that Smith's arguments assert additional reasons why the court of appeals' judgment should be reversed, the arguments raise concerns for which adequate legal remedies were available and they are not cognizable in habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DeWINE, DONNELLY, and STEWART, JJ., concur.

_____

Eddie Lee Smith, pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____