[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Rock v. Harris,* Slip Opinion No. 2019-Ohio-1849.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1849

ROCK, APPELLANT, *v*. HARRIS, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Rock v. Harris,* Slip Opinion No. 2019-Ohio-1849.]

*Habeas corpus—Inmate's claims not cognizable in habeas—Court of appeals' judgment dismissing petition affirmed.*

(No. 2018-1140—Submitted March 26, 2019—Decided May 16, 2019.)

APPEAL from the Court of Appeals for Trumbull County,

No. 2018-T-0042, 2018-Ohio-2892.

_____

**Per Curiam.**

**{¶ 1}** Appellant, David Rock, an inmate at the Trumbull Correctional Institution, appeals the judgment of the Eleventh District Court of Appeals dismissing his petition for a writ of habeas corpus against Warden Brandeshawn Harris.[1]  We affirm the court of appeals' judgment.

_____

1. Rock's complaint named former warden Charmaine Bracy as respondent.  Brandeshawn Harris is now the warden of the Trumbull Correctional Institution and is automatically substituted as appellee in this case.  S.Ct.Prac.R. 4.06(B); Civ.R. 25(D)(1).

**Relevant Background**

{¶ 2} Between 1995 and 2014, Rock was convicted of multiple counts of operating a motor vehicle while under the influence of alcohol or drugs ("OVI"). His most recent conviction occurred in March 2014, when Rock pleaded guilty to an OVI charge and was convicted of a repeat-offender specification under R.C. 2941.1413, which applies if an offender has five or more OVI convictions within the prior 20 years. The trial court imposed prison terms of 36 months for the OVI conviction and four years for the repeat-offender specification.

{¶ 3} Rock appealed and the court of appeals remanded the case in November 2015 because the trial court had ordered that the 2014 sentence was to run consecutively to one of Rock's earlier sentences without making the findings that R.C. 2929.14(C)(4) requires before consecutive sentences may be imposed. On remand, the trial court issued a judgment entry ordering the 2014 sentence to run concurrently with the earlier sentence. Rock appealed again, and the court of appeals affirmed. *State v. Rock*, 11th Dist. Lake No. 2016-L-011, 2016-Ohio-8516.

{¶ 4} On May 4, 2018, Rock filed in the court of appeals a petition for a writ of habeas corpus, arguing that there was not probable cause to enhance his 1997 misdemeanor OVI charge to a felony and that his 1995 and 1997 OVI convictions are void because he did not validly waive his right to counsel. In light of these alleged errors, Rock alleged that he did not qualify for the repeat-offender specification in 2014. As a result, Rock maintained, he has already served his total sentence minus the four-year repeat-offender term.

{¶ 5} The warden moved to dismiss Rock's petition for failure to state a claim upon which relief can be granted. On July 23, 2018, the court of appeals granted the motion and denied Rock's motion for reconsideration. Rock appealed in August 2018.

**Law and Analysis**

**{¶ 6}** A court may dismiss a habeas action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "if, after all factual allegations are presumed true and all reasonable inferences are made in [the petitioner's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus." *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10. We review a dismissal under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.

**{¶ 7}** Because none of Rock's arguments are cognizable in habeas corpus, we affirm the Eleventh District's judgment dismissing his petition.

**{¶ 8}** First, Rock makes three arguments challenging his OVI convictions: (1) a 1997 grand jury did not have probable cause to enhance a misdemeanor OVI charge to a felony, (2) he did not validly waive counsel in his 1995 and 1997 cases, thereby rendering those OVI convictions void, and (3) the prosecutor committed misconduct in the 2014 case. None of these claims are cognizable in habeas corpus. *Jury v. Miller*, 147 Ohio St.3d 49, 2016-Ohio-3044, 59 N.E.3d 1280, ¶ 4 (challenges to an indictment are not cognizable in habeas); *Tucker v. Collins*, 64 Ohio St.3d 77, 78, 591 N.E.2d 1241 (1992) (invalid waiver of counsel does not deprive court of jurisdiction); *Keith* at ¶ 15 (prosecutorial-misconduct claim not cognizable in habeas).

**{¶ 9}** Rock also argues that his repeat-offender specification was improper because of the alleged deficiencies of his 1995 and 1997 convictions and also that his counsel in the 2014 case was ineffective for failing to argue that the prior convictions were void. Neither claim is cognizable in habeas. Rock could have challenged the specification on appeal from his 2014 conviction, especially given the fact that he challenged it in the trial court prior to pleading guilty in his 2014 case. And claims of ineffective assistance of trial counsel are not cognizable in

habeas corpus. *Shroyer v. Banks*, 123 Ohio St.3d 88, 2009-Ohio-4080, 914 N.E.2d 368, ¶ 1.

{¶ 10} In October 2018, Rock filed a "request for select portions of grand jury proceeding" in his 2014 case. Because his underlying claims are not cognizable in habeas corpus, we deny his request as moot. We also deny as moot the "motion for appeal bond" that Rock filed in April 2019.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DeWINE, DONNELLY, and STEWART, JJ., concur.

_____

David Rock, pro se.

Dave Yost, Attorney General, and Stephanie Watson, Assistant Attorney General, for appellee.

_____