[Cite as *State v. O'Neal*, 2019-Ohio-3856.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

      Plaintiff-Appellee

-vs-

DAVID J. O'NEAL

      Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Earle E. Wise, Jr., J.

Case No. 19 CA 12

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case Nos. 2012 CR 37 and 2012 CR 445 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 23, 2019 |


APPEARANCES:

For Plaintiff-Appellee

R. KYLE WITT
PROSECUTING ATTORNEY
KIRK L. SHAW
ASSISTANT PROSECUTOR
239 West Main Street, Suite 101
Lancaster, Ohio 43130

For Defendant-Appellant

DAVID JERMAINE O'NEAL
PRO SE
Lebanon Correctional Institution
P.O. Box 120
Lebanon, Ohio 45036

*Wise, John, J.*

{¶1}   Appellant David J. O'Neal appeals from the decision of the Court of Common Pleas, Fairfield County, which denied his motion to dismiss his 2013 convictions. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}   On July 27, 2012, under what became trial court case number 12–CR–317, the Fairfield County Grand Jury indicted appellant on one count of grand theft of a motor vehicle, one count of receiving stolen property, one count of vandalism, and one count of obstructing official business. The charges arose from appellant's actions of stealing and crashing a police vehicle on July 17, 2012.

{¶3}   On September 28, 2012, under what became trial court case number 12–CR–445, the Fairfield County Grand Jury indicted appellant on one count of murder, two counts of aggravated burglary, and two counts of aggravated robbery. Each of the counts carried a firearm specification under R.C. 2941.141. One of the aggravated robbery counts was later amended to a charge of robbery. These charges arose from appellant's actions on July 17, 2012, prior to his aforementioned fleeing from the police.

{¶4}   The cases were joined for trial and a jury trial commenced on October 22, 2013. For the five offenses in Case No. 12–CR–445, the trial court gave the jury instructions on complicity. The jury subsequently found appellant guilty of all charges in both cases, including the offense of complicity to all five counts and the firearm specifications in Case No. 12–CR–445.

{¶5}   A sentencing hearing was held on November 22, 2013. In Case No. 12–CR–317, the trial court merged the offenses of grand theft and receiving stolen property.

The State elected sentencing on the grand theft. The trial court sentenced appellant to an aggregate term of thirty-nine months in prison. In Case No. 12–CR–445, the trial court merged the principal offender and complicity offenses, the robbery count with one of the aggravated burglary counts, and the aggravated robbery count with the murder count. The State elected sentencing on the murder count and the two aggravated burglary counts. The trial court sentenced appellant to three years mandatory on the firearm specifications, consecutive to a definite term of eighteen years, consecutive to an indefinite term of fifteen years to life, consecutive to the sentence in Case No. 12–CR–317.

{¶6}     Appellant filed a direct appeal, raising six assigned errors. On February 10, 2015, this Court affirmed appellant's convictions and sentences. *See State v. O'Neal*, 5th Dist. Fairfield Nos. 13–CA–90 and 13–CA–91, 2015–Ohio–537. The Ohio Supreme Court did not thereafter accept the case for review. *See State v. O'Neal*, 143 Ohio St.3d 1465, 37 N.E.3d 1250 (Table), 2015-Ohio-3733.

{¶7}     On December 2, 2014, appellant filed in each case a petition for post-conviction relief regarding DNA evidence, claiming the presentation of the evidence deprived him of a fair trial and due process of law. A hearing on the petition for post-conviction relief was held on December 10, 2015. After extensive consideration and review of the record, the trial court issued a detailed decision on August 25, 2016, denying the petition.

{¶8}     On November 30, 2017, we affirmed the trial court's aforesaid post-conviction decision. *See State v. O'Neal*, 5th Dist. Fairfield No. 16-CA-35, 2017-Ohio-

8755. The Ohio Supreme Court did not thereafter accept the case for review. *See State v. O'Neal*, 152 Ohio St.3d 1464, 2018-Ohio-1795, 97 N.E.3d 500.

**{¶9}** On December 17, 2018, appellant filed in the trial court a *pro se* "motion to dismiss sentence and conviction for lack of subject matter jurisdiction." The State filed a memorandum in opposition on January 29, 2019. Appellant filed a reply to the State's memorandum on February 15, 2019.

**{¶10}** On February 21, 2019, the trial court issued a judgment entry denying appellant's motion to dismiss, under both trial court case numbers.

**{¶11}** Appellant filed a *pro se* notice of appeal on March 22, 2019.[1] He herein raises the following sole Assignment of Error:

**{¶12}** "I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITED [SIC] ERROR IN DENYING APPELLANT'S MOTION WHEN THE TRIAL COURT KNEW IT HELD NO SUBJECT MATTER JURISDICTION."

**{¶13}** As an initial matter, we note this case has been assigned to the Court's accelerated calendar. App.R. 11.1, which governs accelerated-calendar cases, states in pertinent part: "It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

I.

**{¶14}** In his sole Assignment of Error, appellant contends the trial court committed reversible error in denying his post-conviction "motion to dismiss sentence and conviction" alleging lack of subject matter jurisdiction. We disagree.

---

[1] Appellant actually filed two notices of appeal, one for each trial court case number. In the interest of justice, we will address both case numbers under 19 CA 12, as the trial court issued a joint judgment entry.

{¶15} "[T]he question of subject matter jurisdiction is so basic that it can be raised at any stage before the trial court or any appellate court, or even collaterally in subsequent and separate proceedings." *State v. Kohr*, 5th Dist. Licking No. 2008 CA 00147, 2009-Ohio-5297, ¶ 47, citing *State v. Williams* (1988), 53 Ohio App.3d 1, 4, 557 N.E.2d 818.

{¶16} Under R.C. 2931.03, a common pleas court has subject-matter jurisdiction over felony cases. *Smith v. Sheldon*, --- N.E.3d ---, 2019-Ohio-1677, ¶ 8 (Ohio Supreme Court). We also note R.C. 2901.12(A), part of Ohio's venue statute, states as follows: "The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and, except in cases of emergency under section 1901.028, 1907.04, 2301.04, or 2501.20 of the Revised Code, in the territory of which the offense or any element of the offense was committed." Although subject matter jurisdiction is not subject to waiver, the defense of improper venue may be waived. *Keeley v. Stoops*, 7th Dist. Belmont No. 13 BE 23, 2014-Ohio-4161, 2014 WL 4672480, ¶¶ 10-11.

{¶17} In the case *sub judice*, appellant's motion to dismiss attempted to blur the concepts of jurisdiction and venue. His essential claim that he should have been prosecuted in Franklin County, rather than Fairfield County, is based on venue, despite his attempts to label it otherwise. As such, having previously appealed both his 2013 convictions and the 2015 denial of his post-conviction petitions, he cannot presently overcome the barrier of *res judicata*. Even so, a review of the indictments in 12–CR–317 and 12–CR–445 reveals his crimes were alleged to have occurred in Fairfield County, even though it was later adduced that Columbus law enforcement was involved. Furthermore, as appellant recited in his motion, the testifying police officers and the

witnesses from the apartment complex had made clear, based on the persistency of the foundational questions by the prosecutor, that the location at issue was a particular address in Reynoldsburg, Fairfield County. *See* Motion to Dismiss Sentence and Conviction, at 4.

{¶18} Accordingly, we hold the trial court did not err in denying appellant's post-conviction motion to dismiss.

{¶19} Appellant's sole Assignment of Error is therefore overruled.

{¶20} For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Wise, Earle, J., concur.

JWW/d 0828