[Cite as *Payne v. LaRose*, 2020-Ohio-5460.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

KEVIN L. PAYNE,

Petitioner,

v.

CHRISTOPHER LAROSE, WARDEN,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No.** 19 MA 0077

---

Writ of Habeas Corpus

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed

---

Kevin L. Payne, #A751-119, 2240 Hubbard Road, Youngstown, Ohio 44505, for Petitioner, PRO SE, and

*Atty. Dave Yost*, Ohio Attorney General and *Atty. Jerri Fosnaught,* Assistant Attorney General, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215, for Respondent.

Dated:  November 17, 2020

**PER CURIAM.**

{¶1}    Petitioner Kevin Payne, a prison inmate proceeding on his own behalf, has filed this original action seeking a writ of habeas corpus arguing he has been falsely imprisoned.   Respondent Christopher LaRose is warden of the Northeast Ohio Correctional Center (NEOCC) where Petitioner is currently imprisoned.  Respondent has filed a motion to dismiss, or, alternatively, a motion for summary judgment.  The Court sustains Respondent's motion to dismiss and dismisses the petition accordingly.

{¶2}    In 2016, Petitioner shot a man and was subsequently indicted on four counts in Cuyahoga County Common Pleas Court.  The jury found Petitioner not guilty of attempted murder and felonious assault as charged in Counts 1 and 3 of the indictment. The jury found Petitioner guilty of felonious assault in violation of R.C. 2903.11(A)(1), as charged in Count 2 of the indictment, as well as the accompanying one- and three-year firearm specifications, and the court found Petitioner guilty of the notice of prior conviction and repeat violent offender specifications.  The trial court found Petitioner guilty of having weapons while under disability in violation of R.C. 2929.13(A)(2), as charged in Count 4 of the indictment.

{¶3}    The trial court sentenced Petitioner to a total aggregate prison term of eight years.  The court also imposed three years of mandatory post release control.  On direct appeal, the Eighth District Court of Appeals affirmed Petitioner's conviction and sentence. *State v. Payne*, 8th Dist. Cuyahoga No. 105965, 2018-Ohio-1399.

{¶4}    Revised Code Chapter 2725 governs habeas corpus.  The first general provision of that chapter defines which persons are entitled to a writ of habeas corpus: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01. The writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy at law, such as a direct appeal or postconviction relief. *In re Pianowski,* 7th Dist. Mahoning No. 03 MA 16, 2003-Ohio-3881, ¶ 3, citing *State ex rel. Pirman v. Money,* 69

Ohio St.3d 591, 593 635 N.E.2d 26 (1994). If a person is in custody by virtue of a judgment of a court of record and the court had jurisdiction to render the judgment, the writ of habeas corpus will not be allowed. *Tucker v. Collins,* 64 Ohio St.3d 77, 78, 591 N.E.2d 1241 (1992). The burden is on the petitioner to establish a right to release. *Halleck v. Koloski,* 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell,* 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963).

**{¶5}** Respondent has filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. The purpose of such a motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Ed.,* 72 Ohio St.3d 94, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *State ex rel. Pirman, supra; Keith v. Bobby,* 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10. If the petition does not meet the requirements of a properly filed petition for writ of habeas corpus, or fails to state a facially viable claim, it may be dismissed on motion by the respondent or *sua sponte* by the court. *Flora v. State,* 7th Dist. No. 04 BE 51, 2005-Ohio-2382, ¶ 5.

**{¶6}** As mentioned above, R.C. 2725.01, *et seq.,* governs habeas filings, and failure to satisfy these statutory requirements is generally fatal to the petition. One of the requirements is that the petitioner must file all pertinent commitment papers relevant to the arguments being raised in the petition. R.C. 2725.04(D). The commitment papers are necessary for a complete understanding of the petition. *Bloss v. Rogers,* 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992). Failure to file the necessary commitment papers requires dismissal of the petition. *Id.* Petitioner argues he is being falsely imprisoned. To even begin to examine such an argument, the Court would need to review Petitioner's judgment entry of sentence (i.e., his commitment papers). It is Petitioner's statutory obligation to include those papers with his petition. He did not include those papers with his petition. For this reason alone, the petition must be dismissed.

**{¶7}** Even absent this fatal procedural deficiency, the Court would nonetheless be compelled to dismiss the petition were we able to reach the substantive arguments raised by Petitioner. We cannot reach any of the substantive arguments in the petition

Case No. 19 MA 0077

due to the procedural deficiency cited above.  He argues there was no warrant issued for his arrest nor probable cause for one to issue.  He also raises ineffective assistance of counsel, that improper evidence of his criminal history was introduced at trial prejudicing the judge and jury, and that his conviction was against the manifest weight of the evidence.  The Ohio Supreme Court has held that each of these types of claims are not cognizable in habeas corpus. *Bozsik v. Hudson*, 110 Ohio St.3d 245, 2006-Ohio-4356, 852 N.E.2d 1200, ¶ 7 (ineffective assistance of counsel); *Jury v. Miller*, 147 Ohio St.3d 49, 2016-Ohio-3044, 59 N.E.3d 1280, ¶ 3 (not served with an arrest warrant); *Rock v. Harris*, 157 Ohio St.3d 6, 2019-Ohio-1849, 131 N.E.3d 6, ¶ 3 (no probable cause); *Cammon v. Brigano*, 101 Ohio St.3d 133, 2004-Ohio-316, 802 N.E.2d 656, ¶ 2 (erroneous admission of "other acts" evidence); *State ex rel. Kerr v. Turner*, 159 Ohio St.3d 97, 2020-Ohio-459, 147 N.E.3d 637, ¶ 7 (convictions not supported by weight of the evidence).

{¶8}    Accordingly, the Court sustains Respondent's motion to dismiss the petition for writ of habeas corpus.  Petitioner's failure to include the pertinent commitment papers with his petition mandates dismissal of the petition.  Petition for habeas corpus dismissed.

{¶9}    Costs taxed against Petitioner.  Final order.  Clerk to serve notice as provided by the Civil Rules.

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

Case No. 19 MA 0077