[Cite as *State v. Gamble*, 2023-Ohio-843.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 22AP-584 |
| | | (C.P.C. No. 15CR-566) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Cameron S. Gamble | : | |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on March 16, 2023

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Darren M. Burgess*, for appellee.

**On brief:** *Cameron S. Gamble*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Cameron S. Gamble, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to vacate post-release control. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} In July 2015, Gamble pleaded guilty to having a weapon while under disability, a violation of 2923.13 and a third-degree felony. The next month, the trial court sentenced Gamble to three years of community control with intensive supervision. The trial court notified Gamble, at the sentencing hearing and in writing, what could happen if he violated the terms of community control, including the imposition of a three-year prison sentence. In January 2017, the trial court revoked community control and sentenced

Gamble to a three-year prison term.    The trial court's revocation entry notified Gamble that he "may receive a period of post-release control of up to 3 years and, if [he] violates post-release control [his] sentence will be extended administratively in accordance with State law." (Jan. 25, 2017 Entry at 2.)  Gamble did not appeal from either judgment.

{¶ 3}    In June 2022, Gamble filed a motion to vacate post-release control, which the trial court denied.  He timely appeals from that denial.

## II.  Assignment of Error

{¶ 4}    Gamble presents the following sole assignment of error for our review:

> The trial court failed to incorporate RC 2967.28 into my journal entry, and or to state that "The adult parole authority will administer Post release control pursuant to RC 2967.28 upon my release, and that the violation of the conditions of prc will subject the offender to the consequences set forth and that statue".  To validly impose Post release control. And I am not the aggrieve party for res judica to apply.

(Sic passim.)

## III.  Discussion

{¶ 5}    Considering the substance of the trial court judgment from which Gamble has appealed, we construe his sole assignment of error as generally alleging the trial court erred in denying his motion to vacate post-release control.  This assignment of error lacks merit.

{¶ 6}    Gamble's postconviction motion was barred by res judicata.  "[A]ny issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37.  The res judicata doctrine does not, however, preclude a collateral challenge to a void judgment. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 18.  But, Gamble did not collaterally challenge a void judgment.

{¶ 7}    In *Harper*, the Supreme Court of Ohio "reevaluate[d] the basic premise of [its] void-sentence jurisprudence" and clarified this unsettled area of law with this guiding principle: "A sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *Id.* at ¶ 34, 42. *See State v.*

*Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 27 (noting that the above-quoted principle in *Harper* is not limited to cases involving the imposition of post-release control). " '[A] common pleas court has subject-matter jurisdiction over felony cases.' " *Harper* at ¶ 25, quoting *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, ¶ 8. And, "[i]n a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge." *Henderson* at ¶ 36, citing *Tari v. State*, 117 Ohio St. 481 (1927). Thus, when the sentencing court has jurisdiction to act, sentencing errors "render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *Harper* at ¶ 42.

{¶ 8} Here, the trial court had subject-matter jurisdiction over this case and personal jurisdiction over Gamble. This is a felony case, process was lawfully issued, Gamble was arrested and arraigned, and he entered a plea. Consequently, any sentencing error committed by the trial court relating to post-release control would have made the judgment voidable, not void. *Id.* at ¶ 43. Accordingly, Gamble could have raised this issue in a direct appeal but he did not and, therefore, his motion to vacate is barred by res judicata.

{¶ 9} Because the trial court did not err in denying Gamble's motion to vacate, we overrule his sole assignment of error.

## IV. Disposition

{¶ 10} Having overruled Gamble's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL and EDELSTEIN, JJ., concur.

_____