OPINION *Page 2 
{¶ 1} Appellant Trevor Matthew Mayle appeals his conviction and sentence, in the Morgan County Court of Common Pleas, on two counts of theft, one count of burglary, and one count of abduction.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The relevant facts leading to this appeal are as follows.
 {¶ 4} On July 29, 2006, Appellant, together with two Co-Defendants, Mark Anthony Nice (Case No. CR-06-018) and Zachariah Treadway (Case No. CR-06-044) were involved in numerous offenses in Morgan County, Ohio. They were accused of Theft of a Motor Vehicle, Burglary, Theft of a Credit Card and Kidnapping. The victims of these cases were Nancy Jordan and Ben Almendinger.
 {¶ 5} Appellant was arrested on July 31, 2006.
 {¶ 6} On August 18, 2006, Appellant was charged in Case No. CR-06-017, Common Pleas Court, Morgan County, Ohio, in a three-count Indictment: one count of Grand Theft of a Motor Vehicle, a fourth degree felony in violation of R.C. § 2913.02(A)(1)(B)(5); one count of Burglary, a second degree felony in violation of R.C. § 2911.12(A)(1); and, one count of Theft of a Credit Card, a fifth degree felony in violation of R.C. § 2913.02(A)(1).
 {¶ 7} On August 22, 2006, Appellant was arraigned and entered pleas of not guilty to the charges. At said arraignment, Attorney Derrick Moorehead was appointed and a $50,000.00 cash, property or surety bond was set subject to the 10% rule on the condition that Appellant not have any contact with the Co-Defendants. *Page 3 
 {¶ 8} On September 18, 2006, an initial Pre-Trial was held. At this Pretrial a notation was made upon the checklist that the Appellant's counsel "may execute a speedy trial waiver after discussions with the Defendant." A trial date of October 17, 2006, was set.
 {¶ 9} On October 2, 2006, a final Pre-Trial was held. At said pretrial, Appellant's attorney made an oral Motion to Continue and an oral Waiver of Speedy Trial Time.
 {¶ 10} On October 3, 2006, Appellant's attorney filed a written Motion to Continue on the basis that he needed additional time to prepare for trial.
 {¶ 11} The Journal Entry granting that continuance was signed by the Court; however, for some reason, neither the Motion nor the Journal Entry were file-stamped. The original motion and entry were in the Court's file and a copy of the Motion to Continue was located in the prosecutor's case file.
 {¶ 12} On October 27, 2006, an amended indictment was filed with the trial court charging an additional count of Kidnapping, a second degree felony in violation of R.C. § 2905.01 (A)(2).
 {¶ 13} On October 30, 2006, a pro se motion to discharge due to delay in trial was filed. The State was not served with a copy of the motion until December 13, 2006.
 {¶ 14} Also, on October 30, 2006, Appellant was arraigned on the new indictment and his bond was set at $50,000.00 own recognizance bond with conditions.
 {¶ 15} On November 20, 2006, the State of Ohio filed a Motion to Revoke the Appellant's bond, which was granted and a subsequent hearing was held on November 21, 2006, to establish a new bond of $100,000.00 subject to 10%. Appellant was remanded to the custody of the Morgan County Sheriff's Office. *Page 4 
 {¶ 16} On December 21, 2006, the State responded to Appellant's pro se motion to discharge, which was denied without hearing.
 {¶ 17} On January 16, 2007, Appellant was released on a $50,000.00 own recognizance bond.
 {¶ 18} On January 23, 2007, Appellant's case was combined with the Co-Defendants' cases for trial.
 {¶ 19} On February 7, 2007, Appellant entered guilty pleas to Grand Theft Auto, Burglary, Theft of a Credit Card, and Abduction, a third degree felony in violation of R.C. § 2905.01, a lesser included offense of Kidnapping. Per the plea agreement between the State and Appellant:
 {¶ 20} Appellant would be placed on 5 years community control;
 {¶ 21} Appellant would attend and successfully complete SEPTA program;
 {¶ 22} Appellant would make restitution to the victims;
 {¶ 23} In the event that Appellant would violate his community control, he would be sentenced to 18 months on Count One, 5 years on Count Two, 12 months on Count Three and 5 years on Count Four, with each to run consecutively to the other.
 {¶ 24} The trial court ordered a pre-sentence investigation report and a SEPTA evaluation to be completed before sentencing.
 {¶ 25} On April 12, 2007, a sentencing hearing was held in this matter. At said hearing the trial court learned that Appellant had not completed his SEPTA evaluation; and therefore was not eligible for SEPTA. During the sentencing hearing, Appellant terminated attorney Moorehead's services. The trial court sentenced Appellant to a total of five (5) years in prison. This matter was appealed by Appellant on May 9, 2007. *Page 5 
 {¶ 26} Appellant now raises the following sole Assignment of Error for review:
 ASSIGNMENT OF ERROR {¶ 27} "I. TRIAL COUNSEL WAS INEFFECTIVE IN PROVIDING ASSISTANCE TO DEFENDANT FOR HIS FAILURE TO PURSUE DEFENDANT/APPELLANT'S PRO SE MOTION FOR DISCHARGE DUE TO DELAY IN BRINGING HIM TO TRIAL"
 I. {¶ 28} In his sole Assignment of Error, appellant argues that he was denied the effective assistance of counsel. We disagree.
 {¶ 29} Appellant asserts that his trial counsel provided ineffective assistance when counsel failed to pursue Appellant's pro se motion for discharge due to delay in bringing him to trial. We disagree.
 {¶ 30} A plea of guilty waives one's statutory right to a speedy trial. State v. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph one of syllabus; Village of Montpelierv. Greeno (1986),25 Ohio St.3d 170, 171-172, 495 N.E2d 581.
 {¶ 31} Appellant argues that if his guilty plea acted as a waiver of his statutory right to a speedy trial, then his right to effective assistance of counsel was violated.
 {¶ 32} The standard for ineffective assistance of counsel is set out in State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768. Appellant must establish the following:
 {¶ 33} "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's *Page 6 
performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 0.0.3d 495,358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 34} "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 35} Appellant entered a guilty plea as part of a plea bargain. "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." United States v. Broce (1989), 488 U.S. 563, 109 S.Ct.757, 102 L.Ed.2d 927. The guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. Menna v. New York (1975), 423 U.S.61,96 S.Ct. 241, 46 L.Ed.2d 195. Thus, when a defendant enters a plea of guilty as a part of a plea bargain, he or she waives all appealable errors, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. State v. Kelley (1991),57 Ohio St.3d 127, 566 N.E.2d 658; State v. Barnett (1991),73 Ohio App.3d 244, 249, 596 N.E.2d1101.
 {¶ 36} A plea is made voluntarily and knowingly if the record indicated that the defendant was advised of the following: "(1) the nature of the charged offense and the maximum penalty involved; (2) the effect of entering a guilty plea; and (3) the fact that the defendant is waiving his right to a jury trial, his right to confront witnesses against him, his right to have compulsory process, and his right to require the state to prove his *Page 7 
guilt beyond a reasonable doubt. See, also, Crim.R. 11(C)." State v.Haynes (March 3, 1995), Trumbull App. No. 93-T-4911, 1995 WL 237075.
 {¶ 37} In State v. Kelley, supra, the Ohio Supreme Court reaffirmed a conclusion previously reached by the Supreme Court of Ohio inMontpelier v. Greeno (1986), 25 Ohio St.3d 170, 495 N.E.2d 581 and inPartsch v. Haskins (1963), 175 Ohio St. 139, 191 N.E.2d 922. This conclusion was that "a guilty plea waives a defendant's right to challenge a conviction on statutory speedy trial grounds." Id.
 {¶ 38} In applying the requirements of Kelley, one appellate district has expressly held that counsel's failure to move for a discharge on the basis of a speedy trial violation does not affect the validity of a guilty plea. State v. Johnson (Mar. 4, 1993), Cuyahoga App. No. 61904. Similarly, the Eighth Appellate District has held that a guilty plea was not rendered invalid simply because the defendant was not informed that by entering the plea, he waived his right to contest the denial of his motion to dismiss on appeal. State v. Railing (Oct. 20, 1994), Cuyahoga App. No. 67137, unreported. See also, State v. Haynes, supra.
 {¶ 39} Essentially, by entering a guilty plea a defendant waives all errors, absent a showing that the defendant was coerced or induced into making the plea. Kelly, supra, at 130-131. Thus, a guilty plea waives claims of ineffective assistance of counsel based upon statutory speedy trial issues. State v. Barnett, supra.; State v. Farley, Knox App. No. 98-CA-25, 1999 WL 33148; State v. Johnson, Cuyahoga App. No. 61904,1993 WL 58629 (upon entering guilty plea defendant waives his right to effective assistance of counsel in regards to speedy trial issues). *Page 8 
 {¶ 40} Appellant's sole Assignment of Error is overruled.
 {¶ 41} For the foregoing reasons, the judgment of the Court of Common Pleas, Morgan County, Ohio, is hereby affirmed
 By: Wise, J. Hoffman, P. J., and Edwards, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1