[Cite as *State v. Leeper*, 2023-Ohio-239.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case Nos. 2022 AP 05 0015, 2022 AP 05 0016 & 2022 AP 05 0017 |
| RYAN M. LEEPER | |
|     Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Tuscarawas County Court of Common Pleas, Case Nos. 2022 CR 01 0025, 2021 CR 03 0103 & 2021 CR 10 0320 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 27, 2023 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| RYAN STYER<br>Tuscarawas County Prosecuting Attorney | AARON KOVALCHIK<br>116 Cleveland Avenue, N.W. – Ste. # 808<br>Canton, Ohio 44702 |
| KRISTINE W. BEARD<br>Assistant Prosecuting Attorney<br>Tuscarawas County Prosecutors Office<br>125 E. High Avenue<br>New Philadelphia, Ohio 44663 | |

*Hoffman, J.*

**{¶1}** In Tusc. App. Nos. 2022 AP 05 0015, 2022 AP 05 0016, and 2022 AP 05 0017, defendant-appellant Ryan M. Leeper appeals his convictions and sentence entered by the Tuscarawas County Court of Common Pleas, after the trial court accepted his guilty pleas and found him guilty in all three cases. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

*Tuscarawas County Court of Common Pleas Case No. 2021 CR 03 103*

*("Leeper I")*

**{¶2}** On March 29, 2021, the Tuscarawas County Grand Jury indicted Appellant on one count of aggravated possession of drugs, in violation of R.C. 2925.11(A) & (C)(1)(b), a felony of the third degree; and one count of possession of drug abuse instruments, in violation of R.C. 2925.12(A) & (C), a misdemeanor of the second degree. Appellant appeared before the trial court for arraignment on April 26, 2021, and entered a plea of not guilty to the Indictment. Appellant was released on his own recognizance.

**{¶3}** Appellant filed a motion to suppress on August 8, 2021. Therein, Appellant moved the trial court to suppress all evidence obtained from the warrantless search of his person. Appellant asserted the arresting officer did not have reasonable and articulable suspicion or probable cause to stop the vehicle in which he was traveling.

**{¶4}** After multiple continuances, the trial court conducted a hearing on Appellant's motion to suppress on November 30, 2021. Via Judgment Entry filed December 1, 2021, the trial court ordered the state to submit its memorandum in opposition to Appellant's motion to suppress on or before December 14, 2021, and

---

[1] A Statement of the Facts underlying Appellant's convictions is not necessary to our disposition of this Appeal.

Appellant to submit his memorandum in support on or before December 28, 2021. The parties timely filed their respective memoranda. Via Judgment Entry filed January 14, 2022, the trial court denied Appellant's motion to suppress. The matter was scheduled for trial on March 16, 2022.

*Tuscarawas County Court of Common Pleas Case No. 2021 CR 10 0320*

*("Leeper II")*

**{¶5}** On October 29, 2021, the Tuscarawas County Grand Jury indicted Appellant on one count of receiving stolen property, in violation of R.C. 2913.51(A) & (C), a felony of the fourth degree. Appellant appeared before the trial court for arraignment on November 29, 2021, and entered a plea of not guilty to the Indictment.

**{¶6}** The matter was scheduled for trial on March 2, 2022. Appellant failed to appear for the final pretrial on March 1, 2022, and for trial the following day. The trial court issued a warrant for Appellant's arrest.

*Tuscarawas County Court of Common Pleas Case No. 2022 CR 01 0025*

*("Leeper III")*

**{¶7}** On January 28, 2022, the Tuscarawas County Grand Jury indicted Appellant on one count of aggravated possession of drugs, in violation of R.C. 2925.11(C)(1)(a), a felony of the fifth degree; and one count of possession of drugs, in violation of R.C. 2925.11(C)(2)(a), a misdemeanor of the first degree. Appellant appeared before the trial court on February 22, 2022, and entered a plea of not guilty to the Indictment. The trial court scheduled a pretrial for March 15, 2022.

*Change of Plea – Leeper I, Leeper II, & Leeper III*

**{¶8}** Appellant appeared before the trial court on March 8, 2022, withdrew his original pleas of not guilty, and entered pleas of guilty to the Indictments in all three cases. Following a Crim. R. 11 colloquy, the trial court accepted Appellant's pleas and found him guilty. The trial court deferred sentencing pending a presentence investigative report. On April 25, 2022, the trial court sentenced Appellant to an aggregate prison term of twenty-four months. The trial court memorialized Appellant's sentence via Sentencing Entry filed April 26, 2022.

**{¶9}** It is from this entry Appellant appeals, raising the following assignments of error:

I. APPELLANT'S CONSTITUTIONAL RIGHTS AS GUARANTEED BY THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 14 OF THE OHIO CONSTITUTION WERE VIOLATED WHEN THE TRIAL COURT OVERRULED THE MOTION TO SUPPRESS.

II. APPELLANT'S COUNSEL WAS INEFFECTIVE FOR ADVISING APPELLANT TO ENTER A PLEA OF GUILTY, THUS WAIVING HIS RIGHT TO APPEAL HIS SUPPRESSION ISSUE.

II

**{¶10}** For ease of discussion, we elect to address Appellant's assignments of error out of order. In his second assignment of error, Appellant raises a claim of ineffective

assistance of counsel.  Specifically, Appellant contends trial counsel was ineffective for failing to advise him a plea of guilty would waive his right to challenge the trial court's denial of his motion to suppress on appeal in *Leeper I.*

**{¶11}**  To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, the defendant must establish: (1) his trial counsel's performance was deficient; and (2) the deficient performance prejudiced him. *Id.* at paragraph two of the syllabus; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. To establish deficient performance, a defendant must show that his trial counsel's performance fell below an objective standard of reasonable representation. *Strickland*, supra at 688, 466 U.S. 668, 687, 104 S.Ct. 2052; *Bradley*, supra at 142, 538 N.E.2d 373. When evaluating counsel's performance, a reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, supra at 689, 466 U.S. 668, 687, 104 S.Ct. 2052. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697, 466 U.S. 668, 687, 104 S.Ct. 2052.

**{¶12}**  A claim of ineffective assistance of counsel is waived by a guilty plea, except to the extent the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent and voluntary. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), citing *Tollett v. Henderson*, supra.  Where a defendant has entered a guilty plea, he can prevail on an ineffective assistance of counsel claim only by demonstrating there

is a reasonable probability that but for counsel's deficient performance, he would not have pled guilty to the offenses and would have insisted on going to trial. *Williams*, supra at ¶ 11, citing *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992); and *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

**{¶13}** The record is silent as to what advice defense counsel gave Appellant prior to his pleas. The record does not reflect whether defense counsel discussed with Appellant the difference between a plea of guilty and a plea of no contest, or whether counsel advised Appellant a guilty plea would waive the right to appeal the denial of the motion to suppress; therefore, Appellant is unable to demonstrate trial counsel's performance was deficient.

**{¶14}** Appellant's second assignment of error is overruled.

I

**{¶15}** In his first assignment of error, Appellant asserts the trial court violated his constitutional rights by overruling his motion to suppress in *Leeper I*.

**{¶16}** "[A] defendant who voluntarily, knowingly, and intelligently admits 'in open court that he is in fact guilty of the offense with which he is charged * * * may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *State v. Howard*, 4th Dist. Scioto App. No. 16CA3762, 2017-Ohio-9392, 103 N.E.3d 108, ¶ 69, quoting *Tollett v. Henderson*, supra. Accordingly, "a guilty plea waives the right to challenge on appeal a trial court's decision denying a motion to suppress evidence." *Id.*, at ¶ 70, citing *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 55.

{¶17} By entering his guilty pleas in this case, Appellant waived his right assert any challenge to the trial court's ruling on his motion to suppress.

{¶18} Appellant's first assignment of error is overruled.

{¶19} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Wise, John, J. concur