[Cite as *State v. Beall*, 2024-Ohio-750.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29866 |
| | : | |
| v. | : | Trial Court Case No. 2018 CR 02084/1 |
| | : | |
| JOSHUA BEALL | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 1, 2024

. . . . . . . . . . .

JOSHUA BEALL, Appellant, Pro Se

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Joshua Beall appeals pro se from an amended judgment of the Montgomery County Court of Common Pleas that denied his pro se "Motion to Dismiss for Lack of Subject Matter Jurisdiction or in the alternative Motion for Leave to File Motion for New Trial Instanter." For the reasons that follow, we affirm the trial court's judgment.

**FACTS AND PROCEDURAL HISTORY**

{¶ 2} In March 2019, Beall was convicted of murder, attempted murder, felonious assault, robbery, complicity to commit robbery, failure to comply, improper handling of firearms in a motor vehicle, and having weapons while under disability.  Beall appealed his convictions, and we affirmed the judgment of the trial court on direct appeal. *State v. Beall*, 2d Dist. Montgomery No. 28335, 2021-Ohio-1326.

{¶ 3} On May 18, 2020, while his direct appeal was pending, Beall filed a petition for post-conviction relief in which he asserted that he had been denied the effective assistance of counsel and his Sixth Amendment right to call witnesses in his own defense at trial.  The trial court denied the petition without a hearing, and we affirmed that judgment.  *State v. Beall*, 2d Dist. Montgomery No. 29280, 2022-Ohio-1259.

{¶ 4} On March 28, 2022, Beall filed the motion at issue in this appeal; the State responded, and Beall filed a reply to the State's response.   The trial court overruled the motion on May 18, 2023.   Beall filed a notice of appeal on August 2, 2023.

{¶ 5} On August 9, 2023, the State filed a motion to dismiss Beall's appeal, noting that Beall's notice of appeal indicated that he was appealing from a judgment filed on June 10, 2023, and there was no such filing on that date.   The State further argued that Beall's appeal was untimely.

{¶ 6} We overruled the State's motion to dismiss the appeal on August 25, 2023. In our order, we construed Beall's motion to dismiss for lack of subject matter jurisdiction/motion for leave to file a motion for new trial, which the trial court had denied, as a petition for post-conviction relief, because it (1) was filed after Beall's direct appeal,

(2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence. We also noted that it appeared that the trial court had not instructed the clerk to serve its May 18, 2023 amended decision pursuant to Civ.R. 58(B), as there was no notation of service on the docket. As such, we concluded that the 30-day period for filing a notice of appeal referenced in App.R. 4(A)(1) "never began to run," and we found that Beall's notice of appeal was timely filed.

**ASSIGNMENTS OF ERROR AND ANALYSIS**

{¶ 7} Beall asserts two assignments of error which we will consider together:

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING MOTION WITHOUT A HEARING.

APPELLANT WAS DENIED DUE PROCESS WHEN COURT IGNORED CLEAR VIOLATION OF SUBJECT-MATTER JURISDICTION.

{¶ 8} Beall's motion was addressed to Counts 10 and 11 of his indictment: failure to comply with an order or signal of a police officer and improper handling of a firearm in a motor vehicle; those offenses occurred in Hamilton County. Citing R.C. 2901.12(H), Beall asserted that "the indictment fail[ed] to allege proper venue" and that the trial court had lacked subject-matter and personal jurisdiction as to Counts 10 and 11 because he "was not indicted for a 'course of conduct' under the statute." He further asserted that the State had suppressed evidence "with regard to his knowing and voluntary waiver of his rights under *Miranda*," namely a positive drug test, which Beall characterized as *Brady* material. According to Beall, he had been "substantially impaired" when speaking to medical personnel and police detectives, and the drug test results were "material to the

admissibility of testimonial evidence and [his] alleged confession." Beall argued that the alleged *Brady* violation established prosecutorial misconduct that deprived him of a fair trial. Finally, he argued that the "improper admission of Counts 10 and 11 into the indictment, while those counts were pending in Hamilton County, allowed the State to insert improper 'other act' evidence into the trial that otherwise would not have been admissible."

{¶ 9} In overruling Beall's motion, the trial court noted Beall's reliance upon R.C. 2901.12, which pertains to venue, and concluded that the "true legal issues" raised by Beall's motion were venue and prosecutorial misconduct, not subject matter jurisdiction. The court found that any issue related to venue, unlike subject matter jurisdiction, was not jurisdictional, had to be raised before trial, and was barred by res judicata. Regarding prosecutorial misconduct and the alleged *Brady* material, the court determined that the drug test results had not been *Brady* material "because they would have merely assisted Beall in his motion to suppress"; therefore, the State did not commit prosecutorial misconduct, and Beall was not "materially prejudiced." As to the alleged "other acts" evidence presented through Counts 10 and 11, the court found that res judicata barred Beall's arguments and that it had not been prejudicial error pursuant to Evid.R. 404(B) for Counts 10 and 11 to be tried with the other charges in the indictment.

{¶ 10} The court separately addressed Beall's motion for leave to file a motion for new trial. The court concluded that the motion was untimely, as it was filed outside the timeframe set forth in Crim.R. 33(B), which permits such a motion to be filed within 14 days after a verdict or, in the case of newly-discovered evidence, within 120 days after

the verdict. The court also found that Beall's motion failed to set forth any grounds that he had been unavoidably prevented from filing the motion in a timely manner.

{¶ 11} In his first assigned error, Beall asserts that he "presented a clear legal argument, regarding the Jurisdictional Priority Rule," based on the fact that he was "charged and Arraigned in Hamilton County for the charges that arose from his interaction with Sharonville Police." He argues that his Montgomery County indictment included charges "that happened solely in Hamilton County" and that he had not been pursued from Montgomery County to Hamilton County when he was arrested. Beall asserts that he presented evidence that he had been charged in two jurisdictions for the same criminal acts and that he had been entitled to an evidentiary hearing "to resolve the issue of the alleged void indictment."

{¶ 12} In his second assignment of error, Beall argues that "with regard to the Hamilton County charges, Montgomery County Common Pleas Court did not have subject matter jurisdiction to hear or enter judgment on actions already charged in Hamilton County" and that the State "committed fraud by including these charges." He argues that Counts 10 and 11 "were not part of a continuing course of conduct from Montgomery County to Hamilton County" and that he was denied due process rights when he was charged "with an erroneous indictment, and later when this voided indictment was used in his conviction" in Montgomery County. We note that there is no evidence in the record before us that Beall was charged or convicted in Hamilton County.

{¶ 13} Beall does not raise the denial of his motion for leave to file a motion for a new trial.

{¶ 14} The State responds that Beall's arguments fail for three reasons: Beall confuses subject-matter jurisdiction with venue, res judicata bars his arguments regarding venue and, even if his venue argument were not barred, venue in Montgomery County was proper for Counts 10 and 11 pursuant to a continuing course of conduct.

{¶ 15} "[A] postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." *State v. Calhoun*, 86 Ohio St.3d 279, 281, 724 N.E.2d 905 (1999). A petition for "postconviction relief is a means by which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." (Citations omitted.) *State v. Monroe,* 2015-Ohio-844, 29 N.E.3d 391, ¶ 37 (10th Dist.). "This means that any right to postconviction relief must arise from the statutory scheme enacted by the General Assembly." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 35. Accordingly, postconviction review is a narrow remedy, because res judicata bars any claim that was or could have been raised at trial or on direct appeal. *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994).

{¶ 16} "Because subject-matter jurisdiction involves a court's power to hear a case, the issue can never be waived or forfeited and may be raised at any time." *State v. Mbodji,* 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 10, citing *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11. "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *Corder v. Ohio Edison Co.*, 162 Ohio St.3d 639, 2020-

Ohio-5220, 166 N.E.3d 1180, ¶ 14, citing *Pratts* at ¶ 11-12. "A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case." *Id.*, quoting *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19. In other words, "the focus is on whether the forum itself is competent to hear the controversy." *Id.*, quoting *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 23, citing 18A Wright, Miller & Cooper, Federal Practice and Procedure, Section 4428, 6 (3d Ed.2017) ("Jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts.").

{¶ 17} Article IV, Section 4(A) of the Ohio Constitution provides that "[t]here shall be a court of common pleas and such divisions thereof as may be established by law serving each county of the state," and Article IV, Section 4(B) provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." *Corder* at ¶ 15. The general subject matter jurisdiction of Ohio courts of common pleas is defined entirely by statute. *Id.* "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03. Pursuant to R.C. 2931.03, " 'a common pleas court has subject-matter jurisdiction over felony offenses.' " *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 25, quoting *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8.

{¶ 18} Based upon the foregoing, the trial court correctly found that the subject-matter jurisdiction of the court was not in dispute; the trial court was a competent forum,

having been allocated judicial authority over the subject matter of Beall's felony offenses pursuant to R.C. 2931.03. Thus, Beall was not entitled to a hearing on his petition on the issue of subject-matter jurisdiction.

{¶ 19} We note that Beall's petition was also untimely, although the trial court did not address its untimeliness. The requirement that a petition for postconviction relief be timely-filed is jurisdictional. Pursuant to R.C. 2953.21(A)(2)(a), Beall was required to file a petition for postconviction relief "no later than three hundred sixty-five days after the date on which the trial transcript [was] filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." "[A] court may not entertain a petition filed after the [365–day period] * * * or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies." R.C. 2953.23(A). For an exception to apply, Beall was required to demonstrate that he had been either: (1) unavoidably prevented from discovering the facts upon which he relied to present his claim for relief; or that (2) subsequent to the period prescribed in R.C. 2953.21(A)(2) or to the filing of an earlier petition, the United States Supreme Court had recognized a new federal or state right that applied retroactively to his situation and the petition asserted a claim based on that right. R.C. 2953.23(A)(1)(a). Beall was also required to show by clear and convincing evidence, that but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense(s) of which he was convicted. R.C. 2953.23(A)(1)(b). Unless the petition is timely filed, the court is not permitted to consider the substantive merits of the petition. *State v. Greathouse*, 2d Dist. Montgomery No. 24084, 2011-Ohio-4012, ¶ 10, citing *State v. Beaver,* 131 Ohio App.3d

458, 461, 722 N.E.2d 1046 (11th Dist.1998) (the trial court should have summarily dismissed appellant's untimely petition without addressing the merits). Beall's petition was a successive petition, and he did not establish that either of the exceptions in R.C. 2953.23(A) applied to excuse its untimeliness, so the trial court was not permitted to consider the substantive merits of the petition.

{¶ 20} Having determined that the trial court's subject-matter jurisdiction was not at issue and that Beall's petition for post-conviction relief was successive and untimely, his assignments of error are overruled.

{¶ 21} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and LEWIS, J., concur.