[Cite as *State v. Vansickle*, 2025-Ohio-2232.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| ROSCOE VANSICKLE | : | Case No. 2024 CA 0060 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Licking County
                            Court of Common Pleas, Case No.
                            23-CR-00817

JUDGMENT:                   Affirmed

DATE OF JUDGMENT:           June 26, 2025

APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

JENNY WELLS                              APRIL F. CAMPBELL
Licking County Prosecuting Attorney      Campbell Law, LLC
                                         545 Metro Place South, Suite 100
By: KENNETH W. OSWALT                    Dublin, Ohio 43017
Assistant Prosecuting Attorney
20 South 2nd Street                      ROSCOE VANSICKLE, Pro Se
Newark, Ohio 43055                       A835097
                                         Noble Correctional Institution
                                         15708 McConnelsville Road
                                         Caldwell, Ohio 43724

*Baldwin, P.J.*

**{¶1}** The appellant, Roscoe Vansickle, appeals the trial court's denial of his motion to suppress, his conviction, and his sentence. The Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On November 2, 2023, the Licking County Grand Jury indicted the appellant for two counts of Possession of a Fentanyl-related Compound in violation of R.C. 2925.11(A) and (C)(11)(g), one count of Aggravated Possession of Drugs (Methamphetamine) in violation of R.C. 2925.11(A) and (C)(1)(d), one count of Aggravated Possession of Drugs (Psilocyn) in violation of R.C. 2925.11(A) and (C)(1)(d), one count of Possession of Cocaine in violation of R.C. 2925.11(A) and (C)(4)(b), and one count of Possession of Drugs (Buprenorphine) in violation of R.C. 2925.11(A) and (C)(4)(e). The indictment included a forfeiture specification and major drug offender specification in violation of R.C. 2981.02(A)(1)(b) and R.C. 2941.1410(B), respectively.

**{¶3}** On November 27, 2023, the appellant filed a Motion to Suppress.

**{¶4}** On January 23, 2024, the appellee filed a Memorandum Contra to Defendant's Motion to Suppress.

**{¶5}** On January 24, 2024, the trial court held a hearing on the appellant's Motion to Suppress. At the hearing, Deputy Rusty Yates testified that he is employed by the Delaware County Sheriff's Office as a Deputy Sheriff. Deputy Yates stated he investigated a shooting on October 6, 2022, in Sunbury, located in Delaware County. The Sheriff's Office received a call from C.C. about an alleged shooting that took place at his residence that morning. C.C. alleged the appellant had fired a shot at him. When Deputy Yates

arrived at C.C.'s residence, he made contact with a female who also lived there. She provided information on the incident.

{¶6} Deputy Yates said that the Sheriff's office was unable to contact the appellant that day by phone or in person. Deputy Yates obtained a warrant to ping the location of his cell phone. The next day, they received location information on the appellant but were unable to obtain specific enough data to locate him. C.C. told Deputy Yates that the appellant came to his neighbor's, C.H.'s, house just across the county line in Licking County, Ohio. C.H. lives about .2 miles away from the victim.

{¶7} Law enforcement made contact with C.H., who provided up-to-date information on the appellant's whereabouts. The appellant parked his car next to a dump truck at C.H.'s house in Licking County. The appellant then walked through a soybean field toward C.C.'s house wearing a backpack.

{¶8} Deputy Yates stated that law enforcement located the appellant's vehicle at C.H.'s residence in Licking County. By the time officers located the appellant, he had crossed the county line into Delaware County, about fifty yards from his vehicle. The officers took him into custody for a parole violation.

{¶9} Law enforcement found a knife near the appellant and a smoking device on the appellant. They impounded the appellant's vehicle to investigate the alleged shooting further. They saw ammunition in plain view in the vehicle.

{¶10} The appellant was taken back to the Delaware County Jail. While there, law enforcement interviewed the appellant. During the interview, the appellant denied shooting at C.C.; he admitted to using drugs earlier in the day and admitted that he had smoking devices in his vehicle.

{¶11} Law enforcement obtained a warrant to search the appellant's vehicle. In the vehicle, officers found over $18,000 in cash, drug paraphernalia throughout the vehicle, and an ammunition box containing a significant amount of drugs.

{¶12} On cross-examination, Deputy Yates testified he did not recover evidence corroborating C.C.'s accusation. Officers never charged the appellant with Felonious Assault in connection with the shooting.

{¶13} On January 24, 2024, the trial court denied the appellant's Motion to Suppress.

{¶14} On May 15, 2024, the appellant entered a plea of guilty to two counts of Possession of a Fentanyl-related Compound in violation of R.C. 2925.11(A) and (C)(11)(e), one count of Aggravated Possession of Drugs (Methamphetamine) in violation of R.C. 2925.11(A) and (C)(1)(d), one count of Aggravated Possession of Drugs (Psilocyn) in violation of R.C. 2925.11(A) and (C)(1)(d), one count of Possession of Cocaine in violation of R.C. 2925.11(A) and (C)(4)(b), and one count of Possession of Drugs (Buprenorphine) in violation of R.C. 2925.11(A) and (C)(4)(e). The appellant also entered a plea of guilty to a forfeiture specification in violation of R.C. 2981.02(A)(1)(b). The appellee dismissed the major drug offender specification.

{¶15} On July 22, 2024, the trial court held a sentencing hearing. At the hearing, the trial court imposed, in aggregate, a minimum ten-year prison sentence.

{¶16} The appellant filed a timely notice of appeal, and his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In *Anders*, the Supreme Court of the United States held that if, after a conscientious examination of the record, a defendant's counsel concludes the case is

wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Anders* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant the counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

{¶17} Attorney April Campbell, counsel for appellant, moved to withdraw on December 2, 2024, pursuant to *Anders*, informing this Court that she had conscientiously examined the case, reviewed the entire record and researched all potential issues, and determined that there were no meritorious issues for review which would support an appeal. Attorney Campbell requested that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal, and certified that she provided a copy of the appellant's *Anders* Brief, along with copies of the relevant transcripts to the appellant. In addition, this Court informed the appellant in a December 6, 2024, Judgment Entry that the Court received notice that he had been informed by his attorney that an *Anders* brief had been filed on his behalf and provided notice that supplied the appellant with a copy; and, granted the appellant sixty days from the date of the entry to file a pro se brief in support of his appeal. The appellant filed a timely pro se brief.

**{¶18}** The record establishes that the appellant's counsel has satisfied the requirements set forth in *Anders*. Accordingly, we review the record in this case and determine whether any arguably meritorious issues exist, "… keeping in mind that, '*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. 'An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.' *State v. Pullen*, 2002-Ohio-6788, ¶4 (2nd Dist.); *State v. Marbury*, 2003-Ohio-3242, ¶7-8 (2nd Dist.); *State v. Chessman*, 2005-Ohio-2511, ¶16-17 (2nd Dist.)." *State v. Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.).' " *State v. Reynolds*, 2024-Ohio-1956, ¶10 (5th Dist.).

**{¶19}** The appellant's counsel's brief proposes the following potential assignments of error:

**{¶20}** "I. THE TRIAL COURT ERRED IN DENYING VANSICKLE'S MOTION TO SUPPRESS."

**{¶21}** "II. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS."

**{¶22}** "III. THE TRIAL COURT ERRED [sic] ACCEPTING VANSICKLE'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING HIM."

**{¶23}** Counsel for the appellant included a Certificate of Service, verifying service to the appellant with a copy of the brief. This Court issued a judgment entry notifying the appellant that his counsel filed an *Anders* brief and informing the appellant he could file a

pro se brief within sixty days of the entry. The appellant filed a timely pro se brief setting forth the following two assignments of error:

{¶24} "I. APPELLANT'S CONVICTIONS FOR POSSESSION OF FENTANYL, POSSESSION OF METHAMPHETAMINE, AGGRAVATED POSSESSION OF PSILOCYN, POSSESSION OF BUPRENORPHINE, AND COCAINE IN VIOLATION OF OHIO REVISED CODE 2925.11, ARE IN VOID AS LICKING COUNTY, OHIO WAS THE IMPROPER VENUE AND JURISDICTION, IN VIOLATION OF ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION AND SECTION 2901.12 OF THE OHIO REVISED CODE."

{¶25} "II.THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY OVERRULING THE MOTION TO SUPPRESS EVIDENCE."

## I.

{¶26} The appellant's counsel submits as a potential assignment of error that the trial court erred in denying the appellant's motion to suppress. We disagree.

## ANALYSIS

{¶27} A defendant's plea of guilty is a complete admission of guilt. Crim.R. 11(B)(1). This Court has previously held that " ' a defendant who voluntarily, knowingly, and intelligently admits "in open court that he is in fact guilty of the offense with which he is charged * * * may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." ' " *State v. Leeper*, 2023-Ohio-239, ¶16 (5th Dist.), quoting *State v. Howard*, 2017-Ohio-9392, ¶69, quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235, supra (1973). Therefore, "by entering a guilty plea, a defendant waives the right to raise on appeal the

propriety of a trial court's suppression ruling." *State v. McQueeney*, 2002-Ohio-3731, ¶13 (12th Dist.).

{¶28} By entering his guilty plea in this case, the appellant has waived his right to assert any challenge to the trial court's ruling on his motion to suppress.

{¶29} Accordingly, the appellant's first potential assignment of error is without merit.

## II.

{¶30} The appellant's counsel submits as a potential assignment of error that the appellant's trial counsel was ineffective for failing to file a motion to dismiss on speedy trial grounds. We disagree.

## STANDARD OF REVIEW

{¶31} Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ohio adopted this standard in the case of *State v. Bradley*, 42 Ohio St.3d 136 (1989). These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective, i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing there is a reasonable probability that but for counsel's unprofessional error, the outcome of trial would have been different. *Id.*

**{¶32}** Trial counsel is entitled to a strong presumption all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 1998-Ohio-343. In addition, the United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, *quoting Strickland* at 697.

## ANALYSIS

**{¶33}** This Court has previously held that by entering a plea of guilty, the appellant waives his right to challenge the effectiveness of trial counsel for failing to file a motion to dismiss on speedy trial grounds. *State v. Mayle*, 2008-Ohio-286 (5th Dist.); citing *State v. Kelley*, 57 Ohio St.3d 127 (1991). "Essentially, by entering a guilty plea a defendant waives all errors, absent a showing that the defendant was coerced or induced into making the plea. *Id.*" *Mayle* at ¶ 39. Therefore, a guilty plea by a defendant waives claims of ineffective assistance of counsel based upon statutory speedy trial issues. *State v. Barnett*, 73 Ohio App.3d 244, 249 (1991).

**{¶34}** In the case at bar, the appellant does not point to, and we do not find, any evidence he was coerced or induced into making the plea. Accordingly, the appellant has waived his claim of ineffective assistance of counsel based upon statutory speedy trial issues.

**{¶35}** The appellant's second potential assignment of error is without merit.

### III.

{¶36} The appellant's counsel submits as a potential assignment of error that the trial court erred in accepting the appellant's guilty pleas under Crim.R. 11 and erred in sentencing him. We disagree.

### ANALYSIS

### Crim.R. 11

{¶37} Our review of the record confirms that the trial court complied with Crim.R. 11 when it accepted the appellant's plea, engaging in a thorough colloquy with the appellant regarding his guilty plea. The trial court advised the appellant of the constitutional rights he was waiving by pleading guilty, informed him of the maximum potential penalties, and confirmed his understanding of these rights. The trial court questioned the appellant to determine whether his plea was validly entered and determined it was. Accordingly, the appellant's guilty plea was knowingly, voluntarily, and intelligently given, and there was no error in the trial court's acceptance of the appellant's guilty plea.

### Sentence

{¶38} Felony sentences are reviewed under R.C. 2953.08(G)(2). *State v. Goings*, 2014-Ohio-2322, ¶20 (6th Dist.). An appellate court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *Id.* See, also, *State v. Yeager*, 2016-Ohio-4759, ¶7 (6th Dist.) In the case sub judice,

the sentence imposed by the trial court was within the statutory parameters and supported by the record.

**{¶39}** Accordingly, the appellant's third potential assignment of error is without merit.

**Pro Se Assignment of Error I & II.**

**{¶40}** In the appellant's first and second assignments of error argued in his pro se brief, the appellant argues that his convictions are void because Licking County, Ohio, was the improper venue and jurisdiction, and the appellant challenges the court's ability to deny a motion to suppress where it did not have jurisdiction. We disagree.

**{¶41}** Initially, we noted the appellant entered a plea of guilty. As we discussed in the appellant's first potential assignment of error, the appellant waived his right to challenge, on appeal, the trial court's decision denying his motion to suppress. *State v. McQueeney*, 2002-Ohio-3731, ¶13 (12th Dist.); *State v. Leeper*, 2023-Ohio-239 (5th Dist.). Additionally, his guilty plea also waived any venue-related challenges. *State v. Phelps*, 2022-Ohio-3025, ¶29 (5th Dist.). However, a voluntary, knowing, and intelligent guilty plea does not waive jurisdictional defects in the proceedings.

**{¶42}** Therefore, to the extent the appellant is challenging the venue or the trial court's denial of his motion to suppress, we find those arguments are without merit. However, we will address the appellant's pro se jurisdictional arguments.

**STANDARD OF REVIEW**

**{¶43}** " 'Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits' and 'defines the competency to render a valid judgment in a particular action.' " *Cheap Escape Co. v. Haddox, L.L.C.*, 2008-Ohio-6323, ¶6, quoting

*Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). A court without subject-matter jurisdiction lacks the power to adjudicate the merits of a case. *Pratts v. Hurley*, 2004-Ohio-1980, ¶11. Therefore, parties may challenge jurisdiction at any time during the proceedings. *Id.* "Whether a trial court possessed subject-matter jurisdiction is a question of law which we consider de novo." *Golf Village North, LLC v. City of Powell, Ohio*, 2018-Ohio-151, ¶17 (5th Dist.).

**ANALYSIS**

**{¶44}** The appellant appears to argue that because law enforcement is based in Delaware County, then the Licking County Court of Common Pleas did not have jurisdiction to hear this case. The appellant seems to be confusing the trial court's jurisdiction with law enforcement's territorial jurisdiction. "a court's subject matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case." *State v. Beall*, 2024-Ohio-750, ¶16 (2nd Dist.). Therefore, whether or not law enforcement officers from Delaware County exceeded their territorial jurisdiction by searching his vehicle in Licking County does not impact the subject matter jurisdiction of the trial court. At the suppression hearing, the evidence showed the appellant parked his vehicle in Licking County while there were illegal drugs in the vehicle. Accordingly, the appellant's claim that the Licking County Court of Common Pleas lacks jurisdiction is without merit.

**{¶45}** The appellant's first and second assignments of error argued in his pro se brief are overruled.

## CONCLUSION

**{¶46}** Based upon the foregoing, and after independently reviewing the record, we agree with appellate counsel's conclusion that no non-frivolous claims exist that would justify remand or review of the appellant's conviction or sentence. We, therefore, find the appeal to be wholly frivolous under *Anders*. Attorney Campbell's motion to withdraw as counsel for the appellant is hereby granted, and the judgment of the Licking County Court of Common Pleas is hereby affirmed.

By: Baldwin, P.J.

Hoffman, J. and

Gormley, J. concur.