[Cite as *State v. Veyon*, 2025-Ohio-3201.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0054 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR 2022-0008 |
| AARON VEYON, | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: September 8, 2025 |

**BEFORE:** Craig R. Baldwin; William B. Hoffman; David M. Gormley, Appellate Judges

**APPEARANCES:** AARON VEYON, Pro Se, for Defendant-Appellant; No Appearance, for Plaintiff-Appellee.

OPINION

*Baldwin, P.J.*

{¶1}   The appellant, Aaron Veyon, appeals his conviction and sentence from the Muskingum County Court of Common Pleas. The appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2}   On January 13, 2022, the Muskingum County Grand Jury indicted the appellant on one count of Trafficking in Drugs with a firearm and a forfeiture specification in violation of R.C. 2925.03(A), R.C. 2941.141, and R.C. 2941.1417; two counts of Possession of Drugs with a firearm and a forfeiture specification in violation of R.C. 2925.11(A), R.C. 2941.141, and R.C. 2941.1417;  one count of Possession of Drugs with

a firearm specification in violation of R.C. 2925.11(A) and R.C. 2941.141; and one count of Having a Weapon while under a Disability in violation of R.C. 2923.13(A)(4).

{¶3} On March 14, 2022, the appellant entered a plea of guilty to the amended charges of one count of Trafficking in Drugs with a forfeiture specification in violation of R.C. 2925.03(A)(2) and R.C. 2941.1417, two counts of Possession of Drugs with a forfeiture specification in violation of R.C. 2925.11(A) and R.C. 2941.1417, and one count of Possession of Drugs in violation of R.C. 2925.11(A). The appellant was sentenced on April 28, 2022.

{¶4} On April 21, 2025, the appellant filed a Request for Judicial Notice asking the trial court to take judicial notice of alleged deficiencies in the indictment by the Muskingum County Grand Jury.

{¶5} On May 2, 2025, the appellant filed a Motion to Dismiss. The trial court denied the Motion.

{¶6} The appellant filed a timely notice of appeal and raised the following three assignments of error:

{¶7} "I. IN (sic) THE TRIAL COURT ERRED BY NOT GRANTING MR. VEYON'S MOTION TO DISMISS DUE TO THE STATE'S FAILURE TO STRICTLY COMPLY WITH THE STATUTORY MANDATE OF OHIO REVISED CODE 2939.20 IN VIOLATION OF MR. VEYON'S 14TH AMENDMENT RIGHT TO DUE PROCESS."

{¶8} "II. THE STATE VIOLATED MR. VEYON'S 5TH AMENDMENT RIGHT TO INDICTMENT."

**{¶9}** "III. THE TRIAL COURT ABUSED THEIR DISCRETION BY FAILING TO TAKE JUDICIAL NOTICE OF THE FACTS AS REQUESTED BY APPELLANT AND MANDATORY BY LAW."

**{¶10}** The State of Ohio failed to file a brief in this matter.

## ANALYSIS

### I., III.

**{¶11}** In the appellant's first and third assignments of error, the appellant argues that the trial court erred by denying his Motion to Dismiss and by failing to take judicial notice of deficiencies in the indictment, which he alleges deprived the trial court of subject matter jurisdiction. We disagree.

**{¶12}** In *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4265, ¶19, the Supreme Court of Ohio stated:

> Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases. *Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998); *Handy v. Ins. Co.*, 37 Ohio St. 366, 370 (1881).

**{¶13}** Ohio Const., art. IV, §4(B) states, "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters … as may be provided by law." "The 'provided by law' qualification of Article IV means that there must be a statutory basis for jurisdiction." *State ex rel. Mobarak v. Brown*, 2024-Ohio-221, ¶7.

**{¶14}** R.C. 2931.03 states that "[t]he court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." "This includes subject-matter jurisdiction over felony cases." *State ex rel. Mitchell v. Pittman*, 2022-Ohio-2542, ¶12, citing *Smith v. Sheldon*, 2019-Ohio-1677, ¶8.

**{¶15}** The appellant does not raise a valid challenge to the trial court's subject-matter jurisdiction. The Supreme Court of Ohio has stated that "felony jurisdiction is invoked by the return of a proper indictment by the grand jury of the county." *Click v. Eckle*, 174 Ohio St. 88, 89 (1962). However, "[t]he manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted." *Orr v. Mack*, 83 Ohio St.3d 429, 430 (1998). Accordingly, the appellant's argument that his indictment is procedurally defective fails to demonstrate that the trial court lacked subject-matter jurisdiction.

**{¶16}** Additionally, a defendant's plea of guilty is a complete admission of guilt. Crim.R. 11(B)(1). This Court has previously held that " 'a defendant who voluntarily, knowingly, and intelligently admits "in open court that he is in fact guilty of the offense with which he is charged * * * may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." ' " *State v. Leeper*, 2023-Ohio-239, ¶16 (5th Dist.), quoting *State v. Howard*, 2017-Ohio-9392, ¶69, quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235, supra (1973).

{¶17} The appellant's challenge to the indictment, raised through a post-plea motion to dismiss is barred. By entering a guilty plea, the appellant has waived his right to assert pre-plea constitutional violations.

{¶18} Accordingly, the appellant's first and third assignments of error are overruled.

## II.

{¶19} In the appellant's second assignment of error, he summarily argues that his Fifth Amendment constitutional right to indictment had been violated. We disagree.

{¶20} Initially, we note the appellant's brief does not comply with Appellate Rule 16. The appellant has failed to provide citations to the record, statute, and other legal authorities to support his argument.

{¶21} App.R. 16 states, in pertinent part:

**Brief of the Appellant.** The appellant shall include in its brief, under the headings and in the order indicated all of the following:

* * *

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

{¶22} App.R. 12(A)(2) states, in pertinent part, "(2) The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record

the error on which the assignment of error is based or fails to argue the assignment separately in the brief as required by App.R. 16(A)."

**{¶23}** An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Hawley v. Ritley*, 35 Ohio St.3d 157 (1988). "Error not treated in the brief will be regarded as having been abandoned by the party who gave them birth." *Uncapher v. Baltimore & Ohio Rd. R.R.*, 127 Ohio St. 351 (1933). " 'It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal.' " *State v. Romy*, 2021-Ohio-501, ¶36 (5th Dist.), *quoting Catanzarite v. Boswell*, 2009-Ohio-1211, ¶16 (9th Dist.).

**{¶24}** Furthermore, we again note that a defendant's plea of guilty is a complete admission of guilt. Crim.R. 11(B)(1). This Court has previously held that " 'a defendant who voluntarily, knowingly, and intelligently admits "in open court that he is in fact guilty of the offense with which he is charged * * * may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." ' " *State v. Leeper*, 2023-Ohio-239, ¶16 (5th Dist.), quoting *State v. Howard*, 2017-Ohio-9392, ¶69, quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235, supra (1973).

**{¶25}** The appellant is attempting to assign error to the original indictment. However, by pleading guilty, the appellant waived his right to appeal the deprivation of his constitutional rights that occurred prior to the entry of his guilty plea.

**{¶26}** Accordingly, the appellant's second assignment of error is overruled.

## CONCLUSION

{¶27} Based upon the foregoing, the judgment of the Muskingum County Court of Common Pleas is hereby affirmed.

{¶28} Costs to the appellant.

By: Baldwin, P.J.

Hoffman, J. and

Gormley, J. concur.